JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUL 6 1990

PATRICIA D. _____
CLERK OF THE PANEL

DOCKET NO. 836

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE WILLIAM D.W. ROSZEL "MODERN PORTFOLIO THEORY" SECURITIES LITIGATION

Visut Kanchanapoom, et al. v. ADI Residential, Ltd., et al., C.D. California, C.A. No. 89-5023 RMT (Ex)
Visut Kanchanapoom, et al. v. Jack M. Zufelt, et al., C.D. California, C.A. No. CV 89-7321 RMT (Ex)
Metro North State Bank v. Robert H. Zimmerman, W.D. Missouri, C.A. No. 89-0482-CV-W-9

ORDER DENYING TRANSFER

This litigation consists of the three above-captioned actions pending in the Central District of California or the Western District of Missouri. Before the Panel is a motion, pursuant to 28 U.S.C. §1407, by the plaintiffs in the California actions and the defendant in the Missouri action seeking transfer of the Missouri action to the Central District of California for centralized pretrial proceedings with the two actions pending there. All responding parties oppose transfer.

On the basis of the papers filed,[1/] the Panel finds that Section 1407 centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. Given the difference in type of plaintiff in each district, the difference in scope in each district, and the difference in purpose in each district as reflected in the legal theories underlying the actions, we are not persuaded that any common factual questions which may exist are sufficient to warrant centralization in this docket. We also note that this docket consists of only three actions pending in two districts. See In re Scotch Whiskey Antitrust Litigation, 299 F.Supp. 543, 544 (J.P.M.L. 1969). Under such circumstances, alternatives to Section 1407 transfer are both available and preferable as a means of minimizing the possibility of duplicative discovery and/or conflicting pretrial rulings with respect to any matters common to the actions. See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation, 446 F.Supp. 242, 244 (J.P.M.L. 1978). See also Manual for Complex Litigation, Second, §31.13 (1985).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. §1407, for centralization of the above-captioned actions be, and the same hereby is, DENIED.

FOR THE PANEL:

Robert H. Schnacke
Judge of the Panel

---

[1/] The parties waived oral argument and accordingly the question of transfer of these actions was submitted on the briefs. Rule 17, R.P.J.P.M.L., 120 F.R.D. 251, 262 (1988).